# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ALMARAZ, Plaintiff, v. JO ANNE B. BARNHART, Commissioner of Social Security, Defendant. | 1:04cv6709 AWI DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |

**BACKGROUND**

Plaintiff Sarah Almaraz ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge, for findings and recommendation to the District Court.

**FACTS AND PRIOR PROCEEDINGS**[1]

Plaintiff filed her applications on January 22, 2001, alleging disability since October 24, 1997, due to neck, head, low back and right shoulder pain, high blood pressure and depression. AR 67-69, 86-95, 173-175. After being denied both initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 52-55, 58-61, 62. On September 12, 2002, ALJ James Ross held a hearing. AR 223-244. ALJ Ross denied benefits on October 24, 2002. AR 186-193. On August 7, 2003, the Appeals Council vacated the decision and remanded the action for further review. AR 194-197.

ALJ Ross held a second hearing on January 21, 2004. AR 245-276. On March 22, 2004, he issued a decision denying benefits. AR 14-21. The Appeals Council denied review on October 24, 2004. AR 6-9.

Hearing Testimony

Pursuant to the order of remand, ALJ Ross held a hearing on January 21, 2004, in Fresno, California. Plaintiff appeared with her attorney, Gina Fazio. Vocational expert ("VE") Judith Nagarian also appeared and testified. AR 245.

Plaintiff testified that she has not had medical treatment since February 2003, when she was treated at Kaiser for "hemorrhaging." AR 255-256. She relies on over the counter medications, heating pads and patches. AR 256. Plaintiff indicated that Kaiser dropped her in February 2003 and will not take her back. AR 252.

Plaintiff has a ninth grade education. AR 265. She can read. AR 265.

Plaintiff testified that she was very depressed, but does not take medication. AR 256. She tried to see a doctor, but the doctor would not see her again until she "took care of all the other business that I had because I had a lot of problems..." AR 256. She also has a rash, problems breathing, and high blood pressure. AR 257.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff has not worked since 1997, when she worked as a book binder. AR 257. She checked books in an assembly line and was required to lift the books, some of which were heavy. AR 258. She stopped working at this position because of an injury to her wrist. AR 261.

Prior to this position, Plaintiff worked for a clothing wholesaler packing clothes for shipment. AR 263.

______From 1987 to 1991, Plaintiff worked in a bakery packing orders. AR 265-266.

______The VE testified that Plaintiff's bindery work was light, semiskilled, that her clothes packer work was medium, unskilled, and that her bakery work was light, unskilled. AR 268-270. The ALJ asked if Plaintiff's work in the bakery was consistent with one- to two-step job instructions, and the VE relied that it was. AR 271-272. The VE also testified that Plaintiff's clothes packer work was also consistent with one- to two- step job instructions. AR 272. The VE concluded that Plaintiff could perform her past work as a bakery worker (1,644 jobs in California, 16,059 nationally) and clothes packer (41,229 jobs in California, 420,082 nationally). AR 270-272.

Plaintiff's attorney asked the VE to assume limitations on right-handed grasping. AR 274. Such a limitation would eliminate the bakery worker and clothes packer positions. AR 275.

<u>Medical Evidence</u>

An August 1998, x-ray of Plaintiff's thoracic spine showed evidence of mild degenerative joint disease. AR 172.

______Plaintiff received most of her treatment from Kaiser Permanente Medical Center/Fresno ("Kaiser"). After October 2000, Plaintiff was seen for complaints of chronic pain in her neck, back and right shoulder, and stress/depression. AR 128-141, 155-171.

In November 2000, Plaintiff was diagnosed with adjustment disorder. AR 137.

In January 2001, Plaintiff complained of shoulder, elbow and neck pain. She was assessed with chronic pain, and although she had "some tender points," she "did not meet the minimum criteria." AR 129. Her lab tests were negative. Her pain medication was increased and a muscle relaxant added. AR 129. She was referred to physical therapy. AR 131.

Plaintiff was evaluated for physical therapy on January 3, 2001. AR 166. The evaluation was terminated without an assessment because Plaintiff complained of pain. The therapist described Plaintiff as "very animated." AR 164. Plaintiff returned on January 10, 2001, but she was unable to tolerate the evaluation because of a reported increase in symptoms. AR 165. The evaluator concluded that Plaintiff was not a physical therapy candidate at that time. AR 165.

On October 27, 2001, Plaintiff saw Ekram Michiel, M.D., for a consultive psychiatric examination. Plaintiff complained that she became depressed after she stopped working in 1997 because of her pain. Upon mental status examination, her mood was depressed and her affect restricted. Dr. Ekram diagnosed dysthymic disorder and indicated that Plaintiff's health condition was a stressor. Her GAF score was 55-60. Dr. Ekram opined that Plaintiff could maintain adequate attention and concentration to carry out one- or two-step simple job instructions. She could relate and interact appropriately with coworkers, supervisors and the general public. Plaintiff could not carry out an extensive variety of technical and/or complex instructions. AR 147-150.

On December 6, 2001, State Agency physician Evangeline Murillo, M.D., completed a Psychiatric Review Technique form, and opined that the evidence was insufficient to establish a mental impairment prior to Plaintiff's date last insured of December 2000. AR 154.

In March 2002, Plaintiff complained of pain in her heel, wrist and shoulder. AR 156. An x-ray of the right shoulder was normal and an x-ray of the heel revealed calcaneal spurs. AR 157.

Updated medical records from Kaiser show that Plaintiff was treated for uterine cysts in February 2003. AR 212-220.

ALJ's Findings

The ALJ determined that Plaintiff had the severe impairments of dysthymic disorder, right shoulder pain, etiology unclear, and right foot pain, etiology unclear. AR 17. Despite these impairments, Plaintiff retained the residual functional capacity ("RFC") to perform medium work, with the mental capacity to understand, remember and carry out one- and two-step

instructions. AR 17. Relying on the testimony of the VE, the ALJ concluded that Plaintiff could perform her past relevant work as a bakery worker and clothes packer. AR 17.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

**REVIEW**

In order to qualify for benefits, a claimant must establish that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he has a physical or mental impairment of such severity that he is not only unable to do her previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

In an effort to achieve uniformity of decisions, the Commissioner has promulgated regulations which contain, inter alia, a five-step sequential disability evaluation process. 20 C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[2] Applying this process in this case, the ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since the alleged onset of disability;(2) has an impairment or a combination of impairments that is considered "severe" (dysthymic disorder, right shoulder pain, etiology unclear, and right foot pain, etiology unclear) based on the requirements in the Regulations (20 CFR §§ 416.920(b)); (3) does not have an impairment or combination of impairments which meets or equals one of the impairments set forth in Appendix 1, Subpart P, Regulations No. 4; and (4) can perform her past relevant work. AR 20-21.

Plaintiff contends that the ALJ (1) ignored the order of the Appeals Council; (2) failed to review the evidence; (3) provided insufficient reasons for rejecting Plaintiff's testimony; and (4) failed to fully and fairly review the opinion evidence from the treating doctor.

**DISCUSSION**

A. Order of the Appeals Council

Plaintiff contends that the ALJ ignored the order of the Appeals Council order by failing to comply with the mandates of SSR 82-62, which explains the procedure for determining a claimant's capacity to perform past relevant work ("PRW"). Plaintiff argues that the ALJ should have compared Plaintiff's PRW with the Dictionary of Occupational Titles ("DOT") and asked the VE about any differences.

A claimant will not be found disabled if he has sufficient residual functional capability to perform his past relevant work. *See* 20 C.F.R. § 404.1520(e) (1997). A claimant has the burden of establishing disability by showing that he is unable to perform his past work because of a physical or mental impairment. *See Villa v. Heckler*, 797 F.2d 794,796-97 (9th Cir.1986). Past work will be considered when it was done within the last 15 years, lasted long enough for the claimant to have learned to do it, and was substantial gainful employment. *See* 20 C.F.R. §§404.1565(a) 416.965(a). To assess the claimant's capability to perform past work, the

[2]All references are to the 2002 version of the Code of Federal Regulations unless otherwise noted.

Commissioner "must ascertain the demands of the claimant's former work and then compare the demands with his present capacity." *See Villa v. Heckler,* 797 F.2d at 797-98. The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining skill level, exertional demands and non exertional demands of such work. SSR 82-62. The residual functional capacity to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled." SSR 82-62.

Here, the ALJ questioned Plaintiff at length about the demands of her past relevant work. AR 257-267. The ALJ also took notice of the written evidence that Plaintiff provided regarding her work experience. AR 96-103, 261. Based on this information, the VE provided occupational information and corresponding DOT classifications. AR 267-268. For example, the VE testified that Plaintiff's past work in a bindery is generally described by the DOT description of bindery worker, a position that requires light exertion. AR 268-269. The VE also testified that Plaintiff's past work in the bakery would match the DOT description of bakery marker, a position that required light exertion. AR 19, 269. The VE concluded that a person of Plaintiff's age, education, vocational profile and RFC (including her limitation to simple tasks) could perform the physical and mental requirements of Plaintiff's past work as a bakery marker (1,644 positions in California, 16,059 nationally) and clothes packer (41,229 positions in California, 420,082 nationally). AR 268-272.

It therefore appears that the ALJ complied with the requirements of the Appeals Council order by asking the VE to describe Plaintiff's PRW, set forth corresponding DOT classifications, and opine as to whether Plaintiff's RFC would allow her to perform any of her PRW. Contrary to Plaintiff's contention, a VE need not base an opinion *solely* on the DOT. SSR 00-04p. Moreover, to the extent there was a conflict in the information contained in the DOT, the conflict was resolved by the VE's testimony that Plaintiff's limitation to one- and two-step instructions would not prevent her from performing her past relevant work as a bakery marker or clothes packer. In any event, these findings are supported by substantial evidence and not based on legal

error. Thus, Plaintiff has not met her burden of showing her inability to perform her PRW. *See Villa v. Heckler*, 797 F.2d at 796-97.

B. Review of the Evidence

Next, Plaintiff asserts that the decision is "insufficient generally" because the ALJ's analysis of the evidence is insufficient. In a brief argument, Plaintiff contends that the ALJ ignored multiple problems, including "positive right foot x-rays for spurring, positive thoracic x-rays for arthritis, fibromyalgia with tender points, neck arthritis, obesity and carpal tunnel disease.

Plaintiff bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999); 20 C.F.R. § 404.1512. A person is disabled if his impairments are severe and meet the durational requirement of twelve months. 20 C.F.R. §§ 404.1505, 404.1520(a). A severe impairment is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c).

In his decision, the ALJ thoroughly reviewed Plaintiff's medical records. AR 17-19. This review included a "longstanding diagnosis of osteophytes in her mid-thoracic spine," and treatment for complaints of neck, thoracic back, and shoulder pain. AR 17-18. The ALJ also reviewed treatment for an adjustment disorder with depressed mood, a notation that although Plaintiff had some tender points, she did not meet the minimum criteria for presumably fibromyalgia, and an x-ray that revealed a bone spur in her heel. AR 17-18. Based on this review, the ALJ determined that Plaintiff had the severe impairments of dysthymic disorder, right shoulder pain, etiology unclear, and right foot pain, etiology unclear. AR 17.

In her argument, Plaintiff does little more than list alleged impairments and conclusively assert that the ALJ's review was not thorough. However, the mere diagnosis of an impairment is not sufficient to sustain a finding of disability. *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). Indeed, Plaintiff fails to point to any resulting limitations.

C. Plaintiff's Testimony

Plaintiff argues that the ALJ failed to properly review her testimony pursuant to SSR 96-7p. She contends that the ALJ "gave a few summary lines of Plaintiff's testimony, and then failed to state a single valid basis to reject it under the law." Opening Brief, at 4.

The ALJ is required to make specific findings assessing the credibility of plaintiff's subjective complaints. *Cequerra v. Secretary of HHS*, 933 F.2d 735 (9th Cir. 1991). In rejecting the complainant's testimony, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996) (quoting *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir. 1988)). Pursuant to Ninth Circuit law, if the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

"The ALJ may consider at least the following factors when weighing the claimant's credibility: '[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Id.* (citing *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Id.*

First, Plaintiff incorrectly argues that SSR 96-7p sets forth a mandatory procedure through which an ALJ must assess the claimant's credibility. While courts give the SSRs some deference, they do not have the force of law. *Holohan v. Massanari,* 246 F.3d 1195, 1203, n. 1 (9th Cir. 2001).

Second, the ALJ made sufficient findings to allow the Court to determine that he did not arbitrarily reject Plaintiff's testimony. First, the ALJ explained that the medical record did not support Plaintiff's alleged limitations in sitting, standing, walking and lifting. AR 19. *Rollins v. Massanari*, 261 F.3d 853 (9th Cir. 2001). While Plaintiff contends that this is simply a "bald

assertion" that is not specific enough, there is no requirement that the ALJ explain his reasoning behind every finding. The ALJ continued, explaining that Plaintiff's responses during a January 2001, physical therapy evaluation suggested that she was exaggerating her pain symptoms. AR 19. *Thomas,* 278 F.3d at 958-959 (ALJ may consider claimant's reputation for truthfulness, inconsistencies, self-limiting behavior, etc.). The ALJ also noted that Plaintiff had received minimal treatment and had been prescribed only anti-inflammatory medications since September 2002, supporting the conclusion that Plaintiff's pain symptoms and limitations are mild, rather than severe. AR 19. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ is permitted to consider lack of medical treatment in assessing credibility).

D. Treating Physician Opinion

Finally, Plaintiff contends that the ALJ ignored the opinion of Dr. Wiens, who opined that Plaintiff's impairments preclude full time work.

It is true that the medical opinion of a claimant's treating physician is entitled to "special weight." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988); *Valencia v. Heckler*, 751 F.2d 1082, 1088 (9th Cir. 1985). Reliance on the opinion of the treating physician is based not only on the fact that he is employed to cure but also on his greater opportunity to observe and know the patient as an individual. However, a treating physician's opinion is not conclusive as to a physical condition or the ultimate issue of disability. *Magallanes*, 881 F.2d at 751, and *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). An ALJ may reject a contradicted treating physician's opinion on the basis of clear findings that set out specific, legitimate, reasons for the rejection. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A statement by a physician indicating a claimant is "disabled" does not mean that the Secretary will concur, absent review of medical findings and other evidence. 20 C.F.R. 416.927(e). "Conclusory opinions by medical experts regarding the ultimate question of disability are not binding on the ALJ." *Nyman v. Heckler*, 779 F.2d 528 (9th Cir. 1985).

Plaintiff does not provide any citations to evidence that she contends the ALJ ignored. According to the record from Kaiser, Dr. Wiens was a Kaiser physician who saw Plaintiff for her

complaints of chronic pain. AR 134. The report appears undated, but includes a notation that Plaintiff "not work - ADL limited by pn." AR 134.

As a threshold matter, it is unclear whether Dr. Wiens was a treating physician, as he appears to have seen Plaintiff only once. AR 134.

In his decision, the ALJ reviewed the record from Kaiser and accorded them weight insofar as they demonstrated that Plaintiff had consistent complaints of right shoulder pain but that objective evidence of orthopedic shoulder disease was lacking. AR 17-18. The ALJ also explained that the Kaiser records supported the conclusion that Plaintiff is restricted to medium exertion because they demonstrate that she has impairments that preclude heavy lifting, but that do not prevent sitting, standing and walking for at least six hours. AR 18. Nor did the Kaiser records show that Plaintiff has any impairments that would prevent full use of her hands. AR 18.

Although the ALJ doesn't specifically cite Dr. Wiens' opinion, it is clear that she determined that the Kaiser records, as a whole, supported a finding that Plaintiff was limited to medium work. Any error in failing to specifically cite Dr. Wiens' opinion, even if the phrase "not work- ADL limited by pn" can be classified as an opinion, was harmless error. *Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding an error harmless where it did not negate the validity of the ALJ's ultimate conclusion); *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir.1991) (failure by the ALJ to articulate or explain the weight given to the reports of the examining or consultative physicians can be harmless error). Dr. Wiens' treatment report did not describe any objective testing and instead set forth only Plaintiff's subjective complaints. AR 134. *Magallenes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (lack of supporting clinical findings is also a valid reason for rejecting a treating physician's opinion); *Thomas v. Barnhart,* 278 F.3d 948, 957 (9th Cir. 2002) (ALJ may also reject the treating physician's opinion because it was based on the claimant's discredited subjective complaints); *Fair v. Bowen*, 885 F.2d 597, 605 (9th 1989).

Moreover, Dr. Wiens' statement was contradicted by the overwhelming majority of the evidence. Although Plaintiff was assessed with chronic pain, she did not meet the minimum criteria for fibromyalgia, her lab tests were negative, and no functional restrictions were assessed.

AR 129. Plaintiff was referred to physical therapy, but complained of pain and was "very animated" during testing, leaving the therapist to conclude that Plaintiff was not a candidate for physical therapy at that time. AR 164-165. In March 2002, Plaintiff complained of pain in her heel, wrist and shoulder, but an x-ray of the right shoulder was normal and an x-ray of the heel revealed only calcaneal spurs. AR 157. Again, no functional restrictions were assessed. Plaintiff did not receive medical treatment again until February 2003, when she was treated for uterine cysts. AR 212-220.

Rather than find that Plaintiff's pain prevented her from working, the ALJ gave substantial weight to the consultive examiner's finding that Plaintiff could carry out simple job instructions. AR 18, 147-150. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultive examiner's opinion is substantial evidence). This finding, combined with the treating records from Kaiser, constituted substantial evidence in support of the ALJ's finding.

**RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Jo Anne B. Barnhart and against Plaintiff Sarah Almaraz.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: November 29, 2005**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

3b142a